**Wesley Clyde NELSON and Marcella Nelson, Appellants,**

v.

**CITIZENS BANK AND TRUST COMPANY OF BAYTOWN, TEXAS, Appellee.**

**No. 01–93–00995–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 14, 1994.

Rehearing Denied Aug. 11, 1994.

Joe Hegar, Katy, John V. Elick, Bellville, for appellants.

Ben H. Schleider, Jr., David A. McDougald, Jon Pfennig, Baytown, for appellee.

Before MIRABAL, DUGGAN and WILSON, JJ.

## OPINION

MIRABAL, Justice.

The main issue in this case is whether a spouse can be held personally liable for a corporate debt guaranteed only by the other spouse, based solely on the marriage relationship and community property laws. Our answer is: No. However, a non-signing spouse's interest in joint management and control community property is subject to execution to satisfy the debt.

The uncontroverted facts are that, on March 4, 1987, Nelson Warehouse and Storage Company, Inc. (Nelson Warehouse), through its president, Wesley Nelson, executed a promissory note (the warehouse note) in the amount of $562,430.44, payable to Citizens Bank and Trust Company of Baytown, Texas (the Bank). Wesley Nelson also executed a personal guaranty. The warehouse note was secured by a deed of trust and security agreement (the warehouse deed of trust) covering the property upon which the warehouse was located—two tracts of two acres each located in Harris County.

The warehouse deed of trust contained the following language:

This deed of trust is also given to secure the payment of that certain promissory note dated March 4, 1987, in the principal amount of $662,569.56, executed by Wesley Clyde Nelson and Marcella Nelson and due and payable to the order of Citizens Bank and Trust Company of Baytown, Texas....

As indicated by the language in the warehouse deed of trust, on March 4, 1987, Wesley and Marcella Nelson executed a promissory note (the ranch note) for $662,569.56 payable to the Bank. The ranch note was secured by a deed of trust and security agreement, also executed by the Nelsons, covering 4073.1 acres of a ranch located in Edwards County (the ranch deed of trust), as well as by the warehouse deed of trust. The ranch deed of trust contained the following language:

This deed of trust is also given to secure the payment of that certain promissory note dated March 4, 1987, in the principal sum of $562,430.44, executed by Nelson Warehouse and Storage Company, Inc. and due and payable to the order of Citizens Bank and Trust Company of Baytown, Texas[,] on or before three (3) years after date thereof.

On October 6, 1988, the Nelsons executed a deed of trust covering 266.47 acres of land in Harris County, Texas (the 266–acre deed of trust). The 266–acre deed of trust secured a note dated December 19, 1977 (the 1977 note), in the amount of $300,000, also payable to the Bank. The 266–acre deed of trust contained the following language:

This conveyance is executed to secure and enforce the payment of *said indebtedness herein described and any and all indebtedness now existing or which may be hereafter created by the undersigned* in favor of Citizens Bank and Trust Company of Baytown, Texas, or other holder of the above described promissory note.

(Emphasis added.)

Nelson Warehouse defaulted on the warehouse note. Wesley and Marcella Nelson defaulted on the 1977 note and the ranch note. The Bank foreclosed on all three deeds of trust on December 4, 1990.

The foreclosure on the 266–acre deed of trust satisfied the debt owed on the 1977 note, and left a surplus. The Bank applied this surplus to the ranch note. The foreclosure on the ranch deed of trust paid the balance of the ranch note, and left a surplus, which the Bank applied to the warehouse note. The foreclosure on the warehouse deed of trust did not pay the balance of the warehouse note, and the Bank sued the Nelsons for the deficiency. Mrs. Nelson denied she had personal liability on the warehouse note, and counterclaimed against the Bank, asserting she was entitled to her one-half community interest in the surplus proceeds generated by the foreclosure on the 266–acre deed of trust. The parties waived a jury trial, and the trial court found that Nelson Warehouse, Mr. Nelson, and Mrs. Nelson, were jointly and severally liable to the Bank for the amount due on the warehouse note, and rendered judgment for the Bank in the amount of $430,000, plus attorney's fees and costs.

In three points of error, Mrs. Nelson[1] asserts the trial court erred in finding her personally liable on the warehouse note and in failing to hold the Bank liable to her for the surplus proceeds of the foreclosure on the 266–acre deed of trust. Specifically, Mrs. Nelson asserts she cannot be liable on the warehouse note because: (1) she did not sign the warehouse note or the guaranty; (2) Wesley Nelson was not acting as her agent when he incurred the debt; (3) the proceeds from the note were not used for "necessaries"; and (4) the Bank did not plead or prove any basis for finding her liable on the warehouse note.

It is clear from the language in the ranch deed of trust that the ranch deed of trust secured both the ranch note and the warehouse note. No question has been raised regarding the propriety of applying the sur-

1. The corporate defendant, Nelson Warehouse, has not appealed the judgment against them. Although Mr. and Mrs. Nelson are both parties to the appeal bond, Mr. Nelson brings no points of error regarding the judgment against him.

plus from the foreclosure on the ranch deed of trust to the warehouse note. Thus, the issues before this Court are (1) whether Mrs. Nelson had personal liability on the warehouse note, and (2) whether the Bank could apply the surplus from the foreclosure of the 266–acre deed of trust as it did.

In her third point of error, Mrs. Nelson asserts the trial court "erred in failing to hold the Bank liable to Marcella Nelson for the surplus proceeds from a trustee's sale of Marcella's real property after the full balance of Marcella Nelson's note has been paid."[2] Specifically, she asks this Court to render judgment against the Bank for $68,000, which she asserts is one-half of the surplus proceeds from the sale of the 266 acres of land that secured the 1977 note. The Bank asserts that the dragnet clause contained in the 266–acre deed of trust allowed it to apply the surplus as it did. We agree.

The dragnet clause in the 266–acre deed of trust provided that the deed of trust was given as security for the 1977 note and "any and all indebtedness now existing or which may be hereafter created by the undersigned." Bank president Conrad Magourik testified the proceeds from the foreclosure on the 266–acre deed of trust paid the balance due on the 1977 note and a surplus remained. He further testified the Bank applied the surplus to the *ranch note*. Both Marcella and Wesley Nelson signed the ranch note. Thus, the ranch note, which had been executed in March 1987, was an existing indebtedness created by the Nelsons, the "undersigned" on the 1988 266–acre deed of trust, and the dragnet clause clearly authorized the Bank to apply the proceeds to the outstanding balance of the ranch note.

Appellant asserts "The Bank failed to plead or prove it was entitled to such surplus." Appellant filed no special exceptions to the Bank's pleadings. She has therefore waived any complaint about the sufficiency of the Bank's pleadings. Tex.R.Civ.P. 90; *Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 937 (Tex.1992). Further, the Bank introduced all the deeds of trust into evidence, and Magour-

ik testified the Bank foreclosed on the properties and applied the proceeds pursuant to the deeds of trust; thus, the Bank proved its entitlement to the surplus.

We overrule point of error three.

In her first two points of error, Mrs. Nelson asserts that, pursuant to certain provisions of the Business and Commerce Code and the Family Code, she is not liable on the warehouse note. The Business and Commerce Code provides, "No person is liable on an instrument unless his signature appears thereon." Tex.Bus. & Com.Code Ann. § 3.401(a) (Vernon 1968). It is undisputed that Mrs. Nelson signed neither the warehouse note nor the guaranty. The section of the Family Code addressing spousal liability provides:

(a) A person is personally liable for the acts of the person's spouse only if:

(1) the spouse acts as an agent for the person; or

(2) the spouse incurs a debt for necessaries under Section 4.02 of this code.

(b) Except as provided by Section 5.61 of this code, community property is not subject to a liability that arises from an act of a spouse.

Tex.Fam.Code Ann. § 4.031 (Vernon 1993). Section 5.61 of the family code, which sets out the rules of marital property liability, provides, in part:

(a) A spouse's separate property is not subject to liabilities of the other spouse unless both spouses are liable by other rules of law.

(b) Unless both spouses are personally liable as provided by Section 4.031 of this code, the community property subject to a spouse's sole management, control, and disposition is not subject to:

(1) any liabilities that the other spouse incurred before marriage; or

(2) any nontortious liabilities that the other spouse incurs during marriage.

(c) The community property subject to a spouse's sole or joint management, control,

---

2. In this point of error, Mrs. Nelson refers to the 266 acres as "Marcella's real property"; elsewhere in the brief she refers to this property as

"Mrs. Nelson's 266 acres." There is nothing in the record to support the implication that this property was Mrs. Nelson's separate property.

and disposition is subject to the liabilities incurred by him or her before or during marriage.

Tex.Fam.Code Ann. § 5.61 (Vernon 1993). Thus, either spouse can incur contractual liability that will bind the share of the noncontracting spouse's community property subject to the sole or joint control of the contracting spouse, but the noncontracting spouse is not "personally liable" for the obligation. *See* Joseph W. McKnight, *Family Law: Husband and Wife*, 45 Sw.L.J. 415, 424 (1991).

The Bank relies on *Cockerham v. Cockerham*, 527 S.W.2d 162 (Tex.1975), for its assertion that the deficiency on the warehouse note is a joint liability of Mr. and Mrs. Nelson. In *Cockerham*, the court stated that in order to determine whether a debt is that of the contracting spouse only, or a debt of both spouses, it is necessary to look at the totality of the circumstances in which the debt occurred. *Id.* at 171. The court concluded that the debt incurred by the wife during the operation of her dress business was a joint liability because the husband had impliedly assented to the debt—he advanced the capital necessary to pay for the store's initial inventory; the wife wrote checks on the husband's bank account to pay for merchandise for the store; the husband borrowed money to pay off store debts and on at least one occasion paid the operational expenses of the store; and the couple filed a joint income tax return and claimed deductions arising from the business. *Id.* at 172.

The Bank asserts that in the present case, the dragnet clause in the 266–acre deed of trust, which secured "said indebtedness herein described and any and all indebtedness now existing or which may be hereafter created by the undersigned," is sufficient to make Mrs. Nelson jointly liable for the debt Mr. Nelson incurred when he signed the guaranty of the warehouse note. The Bank argues Mrs. Nelson's signature on the 266–acre deed of trust, in and of itself, constitutes a "broad, express, written assent" to the debt created by Wesley's guaranty, and that under *Cockerham*, she is personally liable. We disagree.

There is nothing in the record to indicate Mrs. Nelson had any actual involvement in Mr. Nelson's business, a separate corporation. This is a material difference that distinguishes this case from *Cockerham*. The mere signing of a deed of trust as additional security for another person's debt does not come close to the active involvement of the non-signing spouse in *Cockerham*.

Additionally, subsequent to the *Cockerham* decision, the legislature enacted section 4.031 of the Family Code in 1987. Section 4.031 provides that a person is "personally liable" for his or her spouse's debts only if the debt is for necessaries, or if the spouse acts as the other spouse's agent when incurring the debt. A spouse does not act as an agent for the other spouse solely because of the marriage relationship. Tex.Fam.Code Ann. § 4.031(a), (c) (Vernon 1993); *See Carr v. Houston Business Forms, Inc.*, 794 S.W.2d 849, 852 (Tex.App.—Houston [14th Dist.] 1990, no writ). Mrs. Nelson signed neither the note nor the guaranty. There is nothing in the record to indicate that when Mr. Nelson signed the guaranty, he was acting as Mrs. Nelson's agent, or that the debt was incurred for necessaries.

We hold that Mrs. Nelson is not "personally liable" for the debt. Her separate property and sole management and control community property are not subject to the debt. Tex.Fam.Code Ann. § 5.61(b)(2) (Vernon 1993). Only Mrs. Nelson's interest in the community property of the parties subject to their joint management, control and disposition is subject to the warehouse note debt. Tex.Fam.Code Ann. § 5.61(c) (Vernon 1993). Accordingly, we sustain Mrs. Nelson's points of error one and two.

We reverse the judgment against Mrs. Nelson and render judgment that the Bank take nothing against her. Because the other two judgment debtors have not challenged the judgment against them on appeal, it remains in effect.