**MARTINEK GRAIN & BINS, INC., Appellant,**

**v.**

**BULLDOG FARMS, INC., C & M Farms, Inc. Double B Ranch, Inc., M & M Dairies, Inc., Jackie Don Miller, Individually and as an Officer of Double B Ranch, Inc., M & M Dairies, Inc., and C & M Farms, Inc., Olga**

Miller, Individually and as an Officer of Bulldog Farms, Inc., Tom Weilert, as Attorney in Fact for C.L. Miller and Olga Miller, and Deanna Miller Weilert and Gaynell Miller Howey, Co–Trustees of the Miller Children's Irrevocable Trust, Appellees.

No. 05–10–01392–CV.

Court of Appeals of Texas, Dallas.

April 18, 2012.

Richard H. Kelsey, John Eliot Kelsey, Scott W. Hickey, Kelsey, Kelsey & Hickey, Denton, TX, David N. McNees, Law Office of David N. McNees, Sherman, TX, for Appellant.

Griffin W. Collie, The Collie Firm, PLLC, Dallas, TX, Richard Abernathy, Rose Wells, Abernathy, Roeder, Boyd & Joplin, P.C., McKinney, TX, for Appellees.

Before Justices MORRIS, FILLMORE, & MYERS.

## OPINION

Opinion By Justice MYERS.

This is an appeal from a suit to set aside an alleged fraudulent transfer. Martinek Grain & Bins, Inc. appeals the take-nothing judgment on its claims against Bulldog Farms, Inc.; C & M Farms, Inc.; Double B Ranch, Inc.; M & M Dairies, Inc.; Jackie Don Miller, individually and as an officer of Double B Ranch, Inc., M & M Dairies, Inc., and C & M Farms, Inc.; Olga Miller, individually and as an officer of Bulldog Farms, Inc.; Tom Weilert, as attorney in fact for C.L. Miller and Olga Miller; and Deanna Miller Weilert and Gaynell Miller Howey, co-trustees of the Miller Children's Irrevocable Trust. Martinek brings one issue on appeal asserting the trial court erred in granting appellees' motion for summary judgment. We affirm the trial court's judgment as to the appellees who moved for summary judgment, we reverse the judgment as to the appellees who did not move for summary judgment, and we remand the cause to the trial court for further proceedings.

## BACKGROUND

C.L. Miller and Olga Miller (the Millers) were a husband and wife who purchased 200 acres in Collin County in 1953. They lived on and farmed the property from then until they died. They formally designated the land as their homestead in 1987. They formed several agricultural entities, including Bulldog Farms, Double B Ranch, M & M Dairies, and C & M Farms (the farms).

Martinek is an agricultural feed and seed business that provided goods and services to the farms. In return for those goods and services, the Millers and their son, Jackie Don Miller, signed four promissory notes on behalf of the farms payable to Martinek totaling $627,916.41. All the notes were personally guaranteed by C.L. and Jackie Don. None of the notes was secured by the 200 acres. Olga did not sign any of the notes in her personal capacity, nor did she guarantee any of the debt. On March 14, 2003, Martinek notified the Millers that the notes were in default and demanded payment.

On March 21, 2003, the Millers signed a warranty deed purporting to transfer the 200 acres to the "Miller Children's Irrevocable Trust." The Millers continued to live on the property as their homestead.

On December 28, 2006, Martinek brought suit against the farms, C.L., and Jackie Don for breach of the promissory notes and guaranty agreements. According to the parties, that case remains pending in the trial court.

On February 4, 2008, the Millers, through their attorney in fact, Tom Weilert, signed a "Correction Warranty Deed" listing the grantee of the 200 acres as "Deanna Miller Weilert and Gaynell Miller Howley, co-trustees of the Miller Children's Irrevocable Trust." The correction warranty deed also expressly reserved a life estate in the 200 acres for the Millers

and stated that the Millers had used the property continuously as their residence and homestead.

C.L. Miller died on March 5, 2008. On March 27, 2008, Tom Weilert, Olga Miller's attorney in fact, signed a designation of homestead stating Olga Miller reaffirmed that following C.L.'s death, "she continues to occupy the Land as her homestead." Olga Miller died on January 28, 2010. The record does not show whether either of the Millers' estates has proceeded to probate.

On October 9, 2009, Martinek brought this suit to set aside the transfer of the property to the trust as a fraudulent transfer. Martinek also alleged a conspiracy by appellees to defraud it by making the fraudulent transfer. On June 10, 2010, Olga Miller, Don and Deanna Weilert, and Gaynell Howey moved for summary judgment on Martinek's claims. They asserted the transfer of the property to the Trust did not violate the Fraudulent Transfer Act because the 200 acres was an exempt asset under Texas homestead law. Martinek then amended its petition to allege that the warranty deed and correction warranty deed failed to convey the property to the trust and that the conveyance was void under the Texas Constitution. Martinek raised these new claims in its response to the motion for summary judgment. Miller, the Weilerts, and Howey filed a reply to Martinek's response and argued that even if the conveyance were void, the property was not subject to Martinek's claims.

On October 6, 2010, the trial court signed an order granting "Defendants' Motion for Summary Judgment in its entirety." On October 22, 2010, the trial court signed the "Final Judgment," which confirmed the October 6 order granting the motion for summary judgment and ordered that Martinek "take nothing by its

claims herein." The October 22 judgment also stated, "All other relief not expressly granted in this Judgment is denied. This Judgment finally disposes of all parties and claims and is appealable."

## APPELLATE JURISDICTION

■■ Martinek contends this Court lacks jurisdiction over the appeal because there is no final judgment. Ordinarily, this Court has jurisdiction over appeals from final judgments only. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). "A final judgment is one which disposes of all legal issues between all parties." *Id.* When the judgment follows a conventional trial on the merits, the judgment is presumed final. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 198–99 (Tex.2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex.1966). This presumption of finality does not apply to summary judgments because it is probable "that any judgment rendered prior to a full-blown trial is intended to dispose of only part of the case." *Lehmann*, 39 S.W.3d at 199–200. The language used in an otherwise interlocutory order or judgment can make it final if the language "expressly disposes of all claims and all parties" and the intent that the judgment be final is unequivocally expressed in the words of the order itself. *Id.* at 200.

■■ In this case, only four of the nine defendants moved for summary judgment. Yet the trial court's judgment ordered that Martinek "take nothing by its claims herein" and stated that the judgment "finally disposes of all parties and claims and is appealable." The judgment's words unequivocally express the intent that the judgment be final. We conclude the judgment is final for purposes of appeal.

■■■ Martinek also argues that even if the judgment is final for jurisdictional purposes, the trial court erred "on the merits" in rendering a final judgment for those defendants who did not move for summary judgment. We agree. The trial court errs when it renders summary judgment for a party that did not move for summary judgment. *See Teer v. Duddlesten*, 664 S.W.2d 702, 705 (Tex.1984) (trial court erred by including City of Bellaire in summary judgment when the city did not move for summary judgment). Accordingly, we conclude the trial court erred by rendering judgment for the parties in this case who did not move for summary judgment or establish a right to judgment under any other procedure.

## TRIAL COURT JURISDICTION

■ Martinek argues the trial court lacked jurisdiction to render judgment on the claims against Olga Miller after she died because no scire facias writ was issued and no appearance was made on her behalf. In this case, the writ of scire facias issued against Deanna Miller Weilert as the "executor-administrator-heir of the estate" of Olga Miller. The service of the writ of scire facias was served on Deanna Weilert and the return of service was filed in the court. Deanna Weilert had already appeared as one of the co-trustees of the trust, but she did not file an appearance as the executor, administrator, or heir of Olga Miller's estate. Martinek argues that because Ms. Weilert never appeared on behalf of the estate, the trial court lacked jurisdiction to enter judgment disposing of the claims against Olga Miller.

Rule 152 of the rules of civil procedure governs this situation. Rule 152 provides:

> Where the defendant shall die, upon the suggestion of death being entered of record in open court, or upon petition of the plaintiff, the clerk shall issue a scire facias for the administrator or executor or heir requiring him to appear and

defend the suit and upon the return of such service, the suit shall proceed against such administrator or executor or heir.

TEX.R. CIV. P. 152. The rule requires the return of service of the writ before the case may continue; it does not require the administrator, executor, or heir to appear for the court to have jurisdiction. In this case, the writ was served on Deanna Weilert, "and upon the return of such service," the suit could proceed against her. The rule did not require Deanna Weilert to appear as administrator, executor, or heir for the court to have jurisdiction to enter judgment on Martinek's claims against Olga Miller.

Martinek cites *Supak v. Zboril*, 56 S.W.3d 785 (Tex.App.-Houston [14th Dist.] 2001, no pet.), in support of his argument. In that case, the issue was whether the trial court had jurisdiction to impose liability for attorney's fees against the estate of a deceased defendant when the writ of scire facias had not been served and the administrator, executor, or heir had not appeared. *Id.* at 793. The court of appeals concluded that the trial lacked jurisdiction to impose liability against a party who was not before it and held the judgment void to the extent it imposed such liability. *Id.* at 794. In this case, Deanna Weilert was served with the writ, and the trial court's judgment did not impose liability against Olga Miller's estate, so the *Supak* opinion does not apply.

We conclude the failure of a representative of Olga Miller's estate to appear on behalf of the estate did not deprive the trial court of jurisdiction over the claims against Olga Miller.

## STANDARD OF REVIEW

In its sole issue on appeal, Martinek contends the trial court erred in granting appellees' motion for summary judgment. The standard for reviewing a traditional summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 825 (Tex.App.-Dallas 2010, no pet.). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 549; *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex.App.-Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex.2005).

We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm the summary judgment if any of the summary judgment grounds are meritorious. *Id.*

## FRAUDULENT TRANSFER

■ Martinek alleged that the transfer of the property to the trust constituted a fraudulent transfer under the Uniform Fraudulent Transfer Act. *See* TEX. BUS. & COM.CODE ANN. §§ 24.001–.013 (West 2009). The act declares that any "transfer" "is fraudulent as to a creditor . . . if the debtor made the transfer . . . with actual intent to hinder, delay, or defraud any creditor of the debtor." *Id.* § 24.005(a)(1). The act defines "transfer" as "every mode . . . of disposing of or parting with an asset." *Id.* § 24.002(12).

The act defines "asset" as meaning "property of a debtor, but the term does not include ... property to the extent it is generally exempt under nonbankruptcy law." *Id.* § 24.002(2)(B). Real property qualifying as a homestead is property "generally exempt under nonbankruptcy law." *See* TEX. CONST. art. XVI, § 50(a); TEX. PROP.CODE ANN. § 41.001(a) (West Supp. 2011). It is undisputed that the property was the homestead of both C.L. and Olga Miller. Accordingly, the transfer, if any, of the property to the trust was not a violation of the Uniform Fraudulent Transfer Act.

## ERRORS IN THE DEED AND CORRECTION DEED

Martinek contends the 2003 warranty deed conveying the property to the Miller Children's Irrevocable Trust is void because the deed does not have a grantee and that the 2008 correction warranty deed is void because it creates an interest—the Millers' life estate—that was not present in the 2003 deed. Martinek also contends fact questions exist concerning whether the trust existed when the deed and correction deed were signed and whether it was an irrevocable trust. Martinek also argues the transfer was void for lack of consideration and as a pretended sale with a condition of defeasance in violation of article XVI, section 50(c) of the Texas Constitution. *See* TEX. CONST. art. XVI, § 50(c). Appellees asserted that even if the conveyance was void, the homestead passed to Olga Miller and her heirs free of Martinek's claims.

Section 279 of the Probate Code provides,

Should the estate, upon final settlement, prove to be insolvent, the title of the surviving spouse and children to all the property and allowances set apart or paid to them under the provisions of this Code shall be absolute, and shall not be taken for any of the debts of the estate except as hereinafter provided.

TEX. PROB.CODE ANN. § 279 (West 2003). The Austin Court of Appeals summarized the law concerning the rights of creditors and surviving family members to homestead property:

Based on the Constitution, statutes, and case law of this state, it is well established that title to the homestead in an insolvent estate, where a constituent member of the family survives, descends to those entitled to inherit free from claims of creditors. The touchstone for determining whether the homestead property is exempt from satisfaction of the decedent's debts turns upon whether the decedent is survived by a spouse, minor child, or unmarried adult child residing with the family. If any such constituent member of the family survives, the heirs of the deceased owner take title to the homestead property unburdened by the claims of creditors of the decedent's estate except those specified by the Constitution and statute, and subject only to the right of occupancy of a surviving constituent. In contrast, where the decedent leaves no surviving spouse, minor child, or unmarried adult child residing with the family, the homestead property descends charged with the debts of the decedent.

*Nat'l Union Fire Ins. Co. v. Olson,* 920 S.W.2d 458, 461 (Tex.App.-Austin 1996, no writ) (citations omitted). The debts for which the statutes and constitution provide the homestead may be liable do not include C.L. Miller's guaranty of the farms' debts to Martinek. *See* TEX. PROB.CODE ANN. § 270 (West 2003) (listing debts for which homestead may be liable).[1]

1. Section 270 provides:

 The homestead shall not be liable for the payment of any of the debts of the estate,

When C.L. died, his estate was insolvent. He was survived by his spouse, Olga, and the homestead descended to Olga and the other heirs free of C.L.'s debt to Martinek. Thus, on the facts of this case, there are two possibilities: either (1) the Millers validly transferred the property to the trust, and, as discussed above, that conveyance cannot be set aside as fraudulent; or (2) the conveyance was void and the property descended to Olga and the Millers' heirs free of the debts of C.L.'s estate, including Martinek's claims.[2] Under either scenario, the property was not subject to execution to pay C.L.'s estate's debt to Martinek.

 Martinek concedes that the homestead passed to Olga and her heirs free of C.L.'s debts, but it asserts for the first time on appeal that on Olga's death, the homestead was subject to her debts because there was no surviving spouse, minor child, or unmarried adult child residing with the family. Martinek asserts,

Olga's homestead status died upon her death, thus making the entire acreage subject to the debts of C.L. and Olga Miller. Since the homestead was pre-

sumably community property standing in both of their names, it is subject to execution [for] debts under Tex. Fam. Code Ann. §§ 3.003 and 3.202. Even if Olga did not personally sign the debt instruments, the joint community property remains liable for 100% of the debt.

See Tex. Fam.Code Ann. § 3.003 (West 2006), § 3.202 (West Supp. 2011).

Martinek did not raise this issue in its response to appellees' motion for summary judgment. Texas Rule of Civil Procedure 166a(c) provides, "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Tex.R. Civ. P. 166a(c); see also Tex.R.App. P. 33.1(a). Accordingly, we may not consider this issue as a ground for reversal.

Moreover, Martinek's argument depends upon two assertions: (1) that the property was community property at Olga's death, and (2) that Olga was personally liable for C.L.'s debt to Martinek. If both assertions are incorrect, then Martinek's argument lacks merit. In this case, both assertions are incorrect.

except for:
(1) the purchase money thereof;
(2) the taxes due thereon;
(3) work and material used in constructing improvements thereon if the requirements of Section 50(a)(5), Article XVI, Texas Constitution, are met;
(4) an owelty of partition imposed against the entirety of the property by court order or by a written agreement of the parties to the partition, including a debt of one spouse in favor of the other spouse resulting from a division or an award of a family homestead in a divorce proceeding;
(5) the refinance of a lien against a homestead, including a federal tax lien resulting from the tax debt of both spouses, if the homestead is a family homestead, or from the tax debt of the decedent;

(6) an extension of credit on the homestead if the requirements of Section 50(a)(6), Article XVI, Texas Constitution, are met; or
(7) a reverse mortgage.
Tex. Prob.Code Ann. § 270.

2. In its brief on appeal, Martinek offered a third possibility: the warranty deed and correction warranty deed were valid, but the property remained subject to the claims of C.L.'s creditors under the "spendthrift trust" provisions of Texas Property Code section 112.035(d). However, Martinek did not present this issue in its response to the motion for summary judgment. Accordingly, the argument cannot constitute grounds for reversal. See Tex.R. Civ. P. 166a(c); Tex.R.App. P. 33.1(a).

When C.L. died, the marital relationship ceased to exist. The homestead property Olga received under section 279 of the Probate Code was neither separate nor community property; it was simply her property. When Olga died, the 200 acres was not community property. Thus, the first assertion is incorrect.

The 200 acres of homestead, as Olga's property, was subject to her debts upon her death. The issue is whether Olga was personally liable for C.L.'s guaranty of the farms' debt to Martinek. Section 3.201, headed "Spousal Liability," provides:

> (a) A person is personally liable for the acts of the person's spouse only if:
>
> (1) the spouse acts as an agent for the person; or
>
> (2) the spouse incurs a debt for necessaries as provided by Subchapter F, Chapter 2.
>
> . . . .
>
> (c) A spouse does not act as an agent for the other spouse solely because of the marriage relationship.

TEX. FAM.CODE ANN. § 3.201 (West 2006). Under this statute, Olga had no personal liability for C.L.'s guaranty of the farms' debts unless C.L. was acting as Olga's agent in guarantying the debt or the debts were for "necessaries." Martinek did not assert below or on appeal that C.L.'s debt was incurred for necessaries or that C.L. acted as Olga's agent in guarantying the farms' debt. As section 3.201(c) provides, C.L. did not act as Olga's agent solely because of the marital relationship. *Id.* § 3.201(c); *cf. Nelson v. Citizens Bank & Trust Co.,* 881 S.W.2d 128, 130–31 (wife not personally liable for husband's guaranty of corporate note). The second assertion is incorrect.

As a matter of law, the property was not subject to C.L.'s guaranty of the farms' debt to Martinek, regardless of whether the conveyance to the trust was valid or void.

We conclude Martinek has failed to show the trial court erred in granting the motion for summary judgment for the parties who moved for summary judgment, and we overrule Martinek's issue as to those parties.

## DISPOSITION

We affirm the trial court's judgment as to the summary judgment movants, Olga Miller, individually and as an officer of Bulldog Farms, Inc.; Tom Weilert, as attorney in fact for C.L. Miller and Olga Miller; and Deanna Miller Weilert and Gaynell Miller Howey, co-trustees of the Miller Children's Irrevocable Trust. We reverse the trial court's judgment as to those appellees who did not move for summary judgment, Bulldog Farms, Inc; C & M Farms, Inc.; Double B Ranch, Inc.; M & M Dairies, Inc.; Jackie Don Miller, individually and as an officer of Double B Ranch, Inc., M & M Dairies, Inc., and C & M Farms, Inc., and we remand the cause for further proceedings.