**DISMISS; and Opinion Filed July 26, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01510-CV

**TRENT STEVEN GRIFFIN, Appellant**
**V.**
**AMERICAN ZURICH INSURANCE COMPANY, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-05893**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang, and Justice Brown
Opinion by Justice Brown

In this appeal, appellant Trent Steven Griffin seeks to appeal two summary judgment orders the trial court granted in his suit for judicial review of a decision of the Texas Department of Insurance – Workers' Compensation Division ("the Division"). After reviewing the orders, we conclude they do not alone, or in combination, constitute a final disposition of Griffin's suit. Therefore, we dismiss this appeal for want of jurisdiction.

On February 21, 2012, Griffin suffered an on the job injury and made a claim for workers' compensation benefits. American Zurich Insurance Company ("Zurich") accepted the claim and began paying temporary income benefits. The Division subsequently designated a doctor to determine whether Griffin had reached maximum medical improvement and, if so, what his impairment rating was. The designated doctor determined that Griffin had suffered a neck and shoulder soft tissue injury and also diagnosed him as having degenerative conditions of

the shoulder and neck. The designated doctor concluded the degenerative conditions were most likely preexisting, but required further evaluation. The designated doctor nevertheless evaluated the soft tissue injuries and, based on those injuries, determined Griffin had reached clinical maximum medical improvement on April 26, 2012 and had a zero percent impairment rating. He stated he would obtain an EMG and MRI and provide an addendum if the results altered his conclusions. One week later, the designated doctor finalized his report without additional testing because Griffin was unable to schedule both an EMG and an MRI within the time limits required by the Division. A doctor selected by Griffin's treating physician subsequently examined Griffin. That doctor diagnosed Griffin with a cervical disc displacement and cervical radiculitis and concluded Griffin had not yet reached MMI.

A contested case hearing followed to resolve the parties' disputes regarding the extent of Griffin's on the job injuries, whether he had reached maximum medical improvement, and, if so, what his impairment rating was. The hearing officer determined Griffin had failed to show a causal link between the compensable injury event and the disputed injuries, Griffin's on-the-job injury was limited to the soft tissue injuries, and Griffin had reached maximum medical improvement on April 26, 2012 with a zero percent impairment rating. An appeals panel affirmed the hearing officer's decision.

Griffin filed suit for judicial review of the Division's decision. Griffin's petition included complaints that (1) the evidence did not support the Division's decision, (2) Zurich waived its right to contest whether his injuries were compensable, (3) he was denied his rights to due process and equal protection of the laws, (4) the Division's decision was arbitrary and capricious, and (5) the Division exceeded its statutory authority.

Zurich filed a No-Evidence Motion for Partial Summary Judgment and a Traditional Motion for Summary Judgment each seeking summary judgment on a discrete issue. In its no-

evidence motion, Zurich asserted Griffin could not present any evidence at trial to prove his compensable injuries extended beyond those found by the Division. In its traditional motion, Zurich asserted the trial court was required to adopt the impairment rating presented to the Division by the designated doctor because Griffin had reached statutory maximum medical improvement during the pendency of the action. Neither motion requested the trial court to render judgment disposing of the whole case.

Following a hearing, the trial court signed two separate orders, each stating only that the respective motion was "granted." The trial court did not affirm the Division's decision, order Griffin take-nothing, dismiss Griffin's claims, or otherwise expressly dispose of Griffin's suit for judicial review. As a consequence, we sent Griffin a letter notifying him that we questioned whether the trial court's summary judgment orders constituted a final judgment and asking him to explain how we had jurisdiction over this appeal.

Griffin subsequently filed a response to our letter. In his letter, Griffin asserts the summary judgment orders constituted a final judgment because the trial court intended the orders to be final. Griffin does not rely on anything in the pleadings, the motions for summary judgment or the orders themselves to support his contention. Instead, he asserts the trial court evidenced its intent to render a final judgment by signing the orders and then later closing the case. In the alternative, Griffin asserts we should presume the trial court disposed of his entire case in order to preserve his right to appeal.

Ordinarily, this Court only has jurisdiction over appeals from final judgments. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992); *Martinek Grain & Bins, Inc. v. Bulldog Farms, Inc*., 366 S.W.3d 800, 804 (Tex. App.—Dallas 2012, no pet.) "A final judgment is one which disposes of all legal issues between all parties." *Jack B. Anglin*, 842 S.W.2d at 272. When a judgment follows a conventional trial on the merits, the judgment is presumed final.

*Lehmann v. Har–Con Corp*., 39 S.W.3d 191, 198–99 (Tex. 2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966). This presumption of finality does not apply to summary judgments because it is probable "that any judgment rendered prior to a full-blown trial is intended to dispose of only part of the case." *Lehmann*, 39 S.W.3d at 199–200; *see also Martinek Grain & Bins,* 366 S.W.3d at 804. However, the language used in an otherwise interlocutory order or judgment can make it final if the language "expressly disposes of all claims and all parties" and the intent that the judgment be final is unequivocally expressed in the words of the order itself. *Lehmann*, 39 S.W.3d at 200; *see also Martinek Grain & Bins,* 366 S.W.3d at 804.

Here, neither summary judgment order expressly disposed of Griffin's suit for judicial review by, for example, rendering judgment that he take nothing or by affirming the Division's decision. Nor does either order state with "unmistakable clarity" that it is a final judgment or contain any other indicia of finality. *See Lehmann*, 39 S.W.3d at 195; *Florance v. State*, 352 S.W.3d 867, 871 (Tex. App.—Dallas 2011, no pet.). Further, after reviewing Griffin's pleadings and the motions for summary judgments, we cannot conclude the trial court's orders expressly disposed of all the legal issues presented in Griffin's suit. For example, Zurich's motions did not address, and therefore the trial court did not rule on, Griffin's procedural or constitutional complaints or his complaint that Zurich could not challenge whether his injuries were compensable. Because neither summary judgment order expressly disposed of Griffin's suit and the orders do not together expressly dispose of all the issues Griffin asserted in the suit, the orders do not constitute a final judgment. Therefore, we have no jurisdiction over this appeal.

Finally, we note that that our conclusion gives effect to the Supreme Court's mandate that we construe a trial court's orders in light of the importance of a party's right to appeal. It is only when we imply finality that a party's right to appeal may be jeopardized. *In re Burlington Coat*

*Factory Warehouse of McAllen, Inc*., 167 S.W.3d 827, 830-31 (Tex. 2005); *see also Lehmann*, at 195, 206. ("Since timely perfecting appeal (as well as filing certain post-judgment motions and requests) hangs on a party's making this determination correctly, certainty is crucial."). Here, Griffin may appeal once the trial court renders a final judgment in the case.

We dismiss the appeal for want of jurisdiction.


/Ada Brown/
ADA BROWN
JUSTICE


141510F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TRENT STEVEN GRIFFIN, Appellant

No. 05-14-01510-CV     V.

AMERICAN ZURICH INSURANCE
COMPANY, Appellee

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-05893.
Opinion delivered by Justice Brown. Chief
Justice Wright and Justice Lang
participating.

In accordance with this Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

It is **ORDERED** that appellee AMERICAN ZURICH INSURANCE COMPANY recover its costs of this appeal from appellant TRENT STEVEN GRIFFIN.

Judgment entered this 26th day of July, 2016.